UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JAMES ARNOLD,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**SOCIAL SECURITY** )<br>**ADMINISTRATION,** )<br>**COMMISSIONER,** )<br>)<br>**Defendant.** ) | Civil Action Number<br>4:16-cv-00283-AKK |

## MEMORANDUM OPINION

James Arnold brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standards and that her decision — which has become the decision of the Commissioner — is supported by substantial evidence. Therefore, the court **AFFIRMS** the decision denying benefits.

### I.   PROCEDURAL HISTORY

Arnold filed his application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income on May 8, 2012, alleging a disability onset date of May 3, 2010 due to pain from a back surgery in July 2010, "feet and leg pain," and depression. (R. 141–42, 165, 168). After the SSA denied his

1

application, Arnold requested a hearing before an ALJ. (R. 85–86). The ALJ subsequently denied Arnold's claim. (R. 10–21). The Appeals Council denied review, (R. 1–4), rendering the ALJ's opinion the final decision of the Commissioner. Arnold then filed this action pursuant to § 405(g). (Doc. 1.).

## II.    STANDARD OF REVIEW

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 791 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529

(quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.   STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C. §§ 423(d)(1)(A), 416(i)(1)(A).   A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five-step analysis. 20 C.F.R. §§ 404.1520(a)–(f).  Specifically, the Commissioner must determine, in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

    (3) whether the impairment meets or equals one listed by the Secretary;

    (4) whether the claimant is unable to perform his or her past work; and

    (5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. §§ 416.920(a)–(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.   The ALJ's Decision

In performing the five-step analysis, the ALJ determined that Arnold met the criteria for Step One, because he had not engaged in any substantial gainful activity since his alleged onset date in May 2010. (R. 12). Next, the ALJ acknowledged that Arnold's impairments of "status post, lumbar fusion at L4-S1 (July 2010); mild lumbar disc protrusion; neuropathy; and obesity" met the requirements of Step Two. (*Id.*). The ALJ then proceeded to the next step and found that Arnold did not satisfy Step Three, because he did "not have an

impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. 14) (internal citations omitted).

In this step, the ALJ considered the four "Paragraph B" categories. (R. 12). With regard to activities of daily living, the ALJ found only "mild limitation," as Arnold helps care for the family pet, prepares meals, washes dishes, and performs minor household repairs, and can independently bathe, dress, and groom. (R. 12, 181, 193, 196–99). As to social functioning, Arnold drives, "go[es] out alone," shops in stores, and "goes to church on a regular basis." (R. 13, 198–99). The ALJ also found no problems with Arnold's concentration, persistence, and pace, as Arnold "needs no special reminders to take medications or groom," can "pay bills, count change, and handle a bank account," and can "follow written and spoken instructions very well." (R. 13, 198, 200, 203–07). Finally, the ALJ noted that the record shows no extended periods of decompensation. (R. 13).[1]

Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, she proceeded to Step Four, where she determined that, at his date last insured, Arnold had the residual functional capacity ("RFC") to "perform light work as defined in 20 C.F.R. §§ 404.1567(b)

---

[1] The ALJ also stated that she "considered [Arnold's] impairments under listings 1.00 et seq. Musculoskeletal System and 12.00 et seq. Mental Disorders, but concluded that [Arnold] does not have the requisite defects." (R. 13).

except [Arnold] must alternate the positions of sit and stand at will," "cannot operate foot controls," "cannot climb stairs, ladders, ropes, or scaffolds," "cannot kneel, crouch, or crawl," "must avoid exposure to excessive vibration," and "must avoid exposure around hazardous machinery and unprotected heights." (R. 14). In light of Arnold's RFC and the testimony of a vocational expert, the ALJ determined that Arnold was capable of performing his past relevant work as a "radio dispatcher (sedentary and semiskilled)," as such work "does not require the performance of work-related activities precluded by [Arnold's] residual functional capacity . . . ." (R. 20). Accordingly, the ALJ found that Arnold "has not been under a disability, as defined in the Social Security Act, from May 3, 2010." (*Id.*).

## V.   ANALYSIS

Arnold raises four contentions of error. For the reasons below, the court rejects each contention and affirms the ALJ's decision.

**A. Alleged Bias by the ALJ**

Arnold seeks remand purportedly because he did not "receive a fair hearing that comports with due process because [the ALJ, off the record] offered [him] one year of benefits if he would not file another claim" and, after Arnold refused the offer, the ALJ denied benefits. Doc. 19 at 3.[2]  Arnold's contention is unavailing

---

[2] Arnold submitted an affidavit stating that "prior to the first hearing ALJ Helmer offered my representative . . . one year of disability benefits but only if I agreed not to file another claim." Doc. 9-2 at 1.

because, as an initial matter, "[t]here is a 'presumption of honesty and integrity in those serving as adjudicators.'" *Martinez v. Acting Comm'r of Soc. Sec.*, 660 F. App'x 787, 794 (11th Cir. 2016) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Moreover, the Eleventh Circuit, addressing similar facts, has stated that although "it would be improper for [an] ALJ to refuse to award [the claimant] social security benefits based on [the claimant's] refusal to amend his onset date," such conduct would not raise any "fundamental due process concerns that would warrant remanding th[e] case for another administrative hearing." *Lindsey v. Barnhart*, 161 F. App'x 862, 870 (11th Cir. 2006). *See also Moise v. Comm'r of Soc. Sec.*, 404 F. App'x 424, 426 (11th Cir. 2010) (rejecting claimant's allegation of bias when, among other things, the "ALJ made a well-reasoned decision supported by substantial evidence"); *Cline v. Comm'r of Soc. Sec.*, No. 2:15-cv-480-FTM-MRM, 2016 U.S. Dist. LEXIS 124671, at *25 (M.D. Fla. Sept. 14, 2016) (insufficient evidence of bias due to plaintiff's refusal to amend the alleged onset date because "the ALJ's 'on the record' statements, at most, equate[d] to an error in judgment," and "[r]egardless, . . . [the plaintiff] failed to show how he could have been penalized by the ALJ when substantial evidence support[ed] the ALJ's finding that Plaintiff was not entirely credible") (emphasis omitted).

Therefore, because, even accepting Arnold's allegations as true, remand would not change the administrative result, and, as explained in Sections B and C

below, substantial evidence supported the ALJ's decision, the motion to remand, doc. 9, is due to be denied.

### B. Alleged Failure to Consider Fully the Duties of Arnold's Past Work

Arnold contends next that the ALJ erred by not "consider[ing] all of the duties of [Arnold's] past work and evaluat[ing] [his] ability to perform those duties in spite of the impairments." Doc. 19 at 5. The record belies Arnold's contention, and supports the ALJ's finding that Arnold could perform his past relevant work as a radio dispatcher. (R. 20). As the record shows, Arnold reported that, as a dispatcher, he used machines, tools, and equipment, sat for 8 hours per day, wrote, typed, and handled small objects throughout the workday, and did no lifting or carrying. (R. 181, 190–91). While the record shows a change in Arnold's physical abilities since his alleged onset date as it relates to his ability to remain seated for long periods without taking breaks to stand, stretch, or elevate his feet, (*see* R. 200, 209), this fact does not mean that Arnold cannot work as a dispatcher. To the contrary, the record shows that Arnold can "sit for reasonable periods of time," (R. 441) — specifically, 2 hours at a time and 5 total hours in a workday. (R. 443). Significantly, the ALJ accounted for this sitting limitation in her hypothetical question to the vocational expert.[3] Moreover, Arnold's abilities to perform the

---

[3] The ALJ's question incorporated, among other limitations, that the individual requires a "sit-stand option at will." (R. 44). Despite this limitation, the VE found that "[t]he dispatcher job would still be viable." (*Id.*).

8

other tasks involved with his past work as a radio dispatcher have not changed. (*See, e.g.*, R. 38 (Arnold testified at the hearing that his back and legs are the "only conditions that interfere with [his] ability to work"); R. 441 (Arnold can "lift and carry light to medium weights"); R. 470 (Arnold reports cross-stitching, reading, and text messaging). For all of these reasons, the court finds no error in the ALJ's conclusion that Arnold can perform his past relevant work as a radio dispatcher.

### C. Alleged Improper Evaluation of the Opinion of Dr. Hisham Hikam

Arnold also contends that the ALJ erred by failing to afford proper weight to the opinion of consultative examiner Dr. Hisham Hikam, (doc. 19 at 9), who determined that Arnold suffered from "chronic back pain," "post-surgical changes," and "nerve root irritation," and that Arnold could "frequently" use his hands, "occasionally" work around pulmonary irritants and chemicals, and tolerate only "moderate" noise at work. (R. 536, 538). The court finds no reversible error because, as an initial matter, the ALJ was not required to give any particular deference to the opinion of Dr. Hikam, a consulting physician. *See Meade v. Astrue*, No. 8:09-cv-02027-T-27AEP, 2010 U.S. Dist. LEXIS 139669, at *10 (M.D. Fla. Dec. 17, 2010), adopted by 2011 U.S. Dist. LEXIS 3473 (M.D. Fla. Jan. 13, 2011) (quoting *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007)) ("[A] consulting physician's opinion 'deserves no special weight.'"). Moreover, the ALJ explained why she only afforded "some weight" to Dr. Hikam's opinion, *i.e.*, that

Arnold does not allege, and the record does not establish, any limitations related to Arnold's hands, respiratory system, or hearing. (R. 18). Based on the court's independent review of the medical record, the court agrees that Arnold does not allege any limitations related to his hands, respiratory system, or hearing. In fact, Arnold testified at his hearing that his back and leg problems are the "only conditions that interfere with [his] ability to work." (R. 38).

Therefore, contrary to Arnold's contention, it is clear that the ALJ considered the full medical history and, in making her determination of Arnold's RFC, properly and comprehensively analyzed the medical evidence as a whole. As such, the court concludes that the ALJ properly considered the medical evidence in determining Arnold's ability to perform his past relevant work as a radio dispatcher in spite of his impairments, and made "clear the weight accorded to each item of evidence and the reasons for those decisions . . . ." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 764 (11th Cir. 2014).

### D. Alleged Improper Application of Social Security Ruling 16-3p

Finally, Arnold requests remand for further proceedings because the ALJ purportedly failed to assess the "intensity and persistence of [his] symptoms," pursuant to Social Security Ruling 16-3p, which became effective March 28, 2016 and which, Arnold claims, applies retroactively. (Doc. 15 at 1). As an initial matter, the court notes that SSR 16-3p announced that the SSA would depart from

"assess[ing] the 'credibility' of an applicant's statements," and instead "focus on the 'intensity and persistence of [the applicant's] symptoms.'" *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (citing 81 Fed. Reg. 14166, 14167).  Relevant here, however, Arnold fails to cite any binding authority to support his contention that SSR 16-3p applies retroactively.  *See* doc. 15 (citing *Cole*, a Seventh Circuit case which does not endorse (or otherwise discuss) retroactive application, and *Mendenhall v. Colvin*, No. 3:14-cv-3389, 2016 U.S. Dist. LEXIS 105404 (C.D. Ill. Aug. 9, 2016), which found that retroactive application was "appropriate," *id.* at *10).  Moreover, even assuming that the SSA intended SSR 16-3p to apply retroactively, a retroactive application would not help Arnold because the ALJ evaluated Arnold's symptoms, and not Arnold's overall credibility, by reviewing Arnold's allegations, medical records, treatment notes, and activities of daily living.  (*See* R. 14–20).[4]  For these reasons, the court concludes that the motion to remand, doc. 15, is due to be denied.

---

[4] The court notes, however, that a physical therapist and physician raised questions about Arnold's credibility.  (*See, e.g.*, R. 415 ("Client's physical abilities indicate activities in the **LIGHT** to **MEDIUM** physical demand levels, but the client's perceived abilities predict work in the less than **SEDENTARY** physical demand category.  This indicates that the client can actually do a little more than he thinks he can.") (emphasis in original); R. 375 ("[Arnold] has . . . vague subjective complaints of back pain.  He says he doesn't feel he will be able to go back to his previous job. . . .  The upshot [*sic*] of the conversation is that he doesn't feel able to work.  The extended therapy has really not caused his complaints to go away.  He says his muscles don't hurt but then in the next breath he says his back hurts.  I am not quite sure what he is trying to convey to me.")).

## VI.  CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Arnold is not disabled and has the RFC to perform his past relevant work as a radio dispatcher is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination.  Therefore, the Commissioner's final decision is **AFFIRMED**.  The court will enter a separate order in accordance with this Memorandum Opinion.

**DONE** the 24th day of March, 2017.

*[signature: Abdul Kallon]*

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE